IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED TRANSFER, INC., )
)
   Plaintiff/Counterdefendant, )
)
v. ) No. 05 C 3228
)
ALLIED WASTE TRANSPORTATION, INC., )
)
   Defendant/Counterplaintiff. )

## MEMORANDUM ORDER

United Transfer, Inc. ("United") has filed its Answer and Affirmative Defenses ("ADs") to the Counterclaim filed against it by Allied Waste Transportation, Inc. ("Allied"). This memorandum order is issued sua sponte to require United's counsel to cure some fundamental pleading errors contained in that responsive pleading--in that respect, see the Appendix to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001).

To begin with, each of Answer ¶¶3, 4 and 11 fails to respond to the corresponding Counterclaim allegations on the premise that those allegations "contain legal conclusions to which no response from United is required." Not so. No such exception is authorized by the first sentence of Fed. R. Civ. P. ("Rule") 8(b)--and see App. ¶2 to State Farm. Those paragraphs of the Answer are stricken.

Next, each of Answer ¶¶6, 9-11, 17, 21-23 and 26 employs the locution that some document "speaks for itself." Whatever that may mean (see App. ¶3 to State Farm), it plays no proper part in

federal pleading. All of those assertions are stricken as well.

Finally, each of Answer ¶¶9-11 and 17 sets out a purported denial "to the extent" that certain allegations by Allied are contrary to one of the documents that assertedly "speaks for itself." That usage of "to the extent" is a sure tipoff to a totally uninformative assertion that does not satisfy the notice pleading concept embodied in the Rules. Hence each of those paragraphs of the Answer is also stricken.[1]

United's counsel are granted leave to file an appropriate amendment to the Answer in this Court's chambers on or before August 22, 2005 (with a copy being transmitted contemporaneously to Allied's counsel). Because there is no reason why United should pay for its counsel's errors, no charge is to be made to United for the added work and expense incurred in correcting those errors. United's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

                                            _____
                                            Milton I. Shadur
                                            Senior United States District Judge

Date: August 10, 2005

---

[1] AD 1 to Counterclaim Count II also uses the "to the extent" locution, but that will be permitted to stand.

2